United States District Court
Southern District of Texas

**ENTERED**

July 31, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRADRICK GERLMAINE TANNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00063 |
| | § | |
| DOUGLAS FRENZEI, COMMISSIONER | § | |
| ET AL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ADOPTING MEMORANDUM AND RECOMMENDATION</u>

On June 3, 2026, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R), recommending that the Court dismiss Plaintiff Bradrick Gerlmaine Tanner's case with prejudice. D.E. 15. Plaintiff was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). His objections were received by the Court on June 25, 2026, and are deemed timely.[1] D.E. 19.

---

[1] Parties have fourteen days to file objections to an M&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). However, the M&R was served on Plaintiff by mail, so he had an additional three days to object. *See Rangel v. ASLM II*, No. EP-24-CV-00436-DCG, 2025 WL 2731841, at *2 (W.D. Tex. Sept. 25, 2025) (citing Fed. R. Civ. P. 6(d)). Additionally, under the prison mailbox rule, a pro se prisoner's objections to an M&R are "deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the prison mailbox rule to filing objections to an M&R). When served by mail, a filing is deemed served on the day it is mailed. Fed. R. Civ. P. 5(b)(2)(C).

The M&R was served on Plaintiff by mail on June 4, 2026. D.E. 17. Seventeen days from June 4, 2026, is June 21, 2026. Because that day was a Sunday, Plaintiff's objections were due on the next day, June 22, 2026. Fed. R. Civ. P. 6(a)(1)(C). The envelope containing Plaintiff's objections was postmarked on June 23, 2026. D.E. 19, p. 6. There is no evidence in the record as to when Plaintiff handed his objections to prison staff for mailing, though he dated his signature on the objections June 17, 2026. D.E. 19, p. 5. In the interest of justice, the Court will consider Plaintiff's objections as though they were timely filed.

## STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.* After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

First, Plaintiff complains to the Magistrate Judge's reference to "plain error." D.E. 19, pp. 1-2. The only reference to "plain error" in the M&R is in the "Notice to Parties" section where the Magistrate Judge informs Plaintiff that a failure to timely object to the M&R will bar Plaintiff, except on grounds of "plain error," "from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court." D.E. 15, p. 13. This is a correct statement of the law so the objection is **OVERRULED**. If Plaintiff's intent is to object to the legal standards the Magistrate Judge applied to Plaintiff's pleading, the objection is **OVERRULED** as the Magistrate Judge accurately applied the correct standards.

2 / 4

Second, Plaintiff claims that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not apply to his case, citing *Ex parte Tom Tong*, 108 U.S. 556 (1855). D.E. 19, p. 2. *Tom Tong* addressed jurisdictional issues regarding writs of habeas corpus, and is not applicable here. The Magistrate Judge correctly concluded that this case is barred by *Heck*. D.E. 15, pp. 8-9. The objection is **OVERRULED**.

Third, Plaintiff objects that the Magistrate Judge improperly construed his § 1981 claims as § 1983 claims. D.E. 19, p. 3. Plaintiff references 42 U.S.C. § 1981 in the Amended Complaint as a header at the top of pages 2-3, specifically stating "not 1983". D.E. 13, pp. 2-3. And he cites the language of the statute. *Id.*, p. 2. However, his allegations do not state a violation of § 1981. Additionally, with respect to suits for a violation of § 1981 against state actors, a plaintiff must assert a cause of action under § 1983. *Escamilla v. Elliott*, 816 F. App'x 919, 922 (5th Cir. 2020). The Magistrate Judge correctly construed Plaintiff's claims as raised under § 1983, and correctly determined that Plaintiff failed to state a claim. D.E. 15, p. 8. The objection is thus **OVERRULED**.

Fourth, Plaintiff states that the Magistrate Judge engaged in "judicial impropriety" by dismissing Plaintiff's complaint. D.E. 19, pp. 3-4. He also requests "reassignment to a different and qualified judge and venue as necessary for fair and impartial consideration." *Id.* Having reviewed the record, the Court finds that there has been no judicial impropriety, misconduct, or anything of the like. Plaintiff does not point to any specific improper action and appears to simply disagree with the Magistrate Judge's conclusions. Finding no error in the M&R, nor any impropriety, the objection is **OVERRULED.**

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 15). Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**ORDERED** on July 31, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE